ORIGINAL

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CHELSEA L. DAVIS

     Plaintiff, )
)
v. )  No. 15-639C
)  (Judge Griggsby)
THE UNITED STATES, )
)
     Defendant. )

FILED

SEP 1 5 2015

U.S. COURT OF
FEDERAL CLAIMS

By leave of the Judge

### DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Pursuant to the Court's order dated August 31, 2015 and Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully submits this response to the show cause order issued on August 31, 2015 and, additionally, respectfully requests that the Court dismiss the *pro-se* complaint filed by plaintiff, Chelsea L. Davis.  As explained below, defendant's counsel accepts responsibility for not timely responding to Ms. Davis's complaint because counsel incorrectly assumed that the complaint was dismissed by the Court *sua sponte* in the same manner that the Court dismissed two other complaints filed by plaintiff during the same week.   Nonetheless, given the Court's lack of jurisdiction as is clearly illustrated by the facially deficient nature of her complaint, Ms. Davis cannot plausibly maintain that she suffered any prejudice from defendant's counsel's failure to timely respond. Consequently, we are filing a motion to dismiss her complaint as, based upon her complaint, she does not satisfy even one of the jurisdictional prerequisites for bringing an action in this Court.  Still, defendant's counsel apologies' for any inconvenience cause by his failure to timely respond to Ms. Davis's complaint.

### Response To Court's Order

This Court ordered that we show cause as to why we did not timely file a response to the complaint captioned as *Davis v. Ware*, Fed. Cl. No. 15-639.  As mentioned above, defendant's counsel acknowledges that our failure to timely respond to the complaint falls

squarely upon his shoulders.  Although not offered as an excuse, the procedural history of Ms. Davis's other two related filings, *Davis v. United States*, Fed. Cl. No. 15-598 and *Davis v. United States*, Fed. Cl. No. 15-608 and reviewing Ms. Davis complaint in 15-639 provides some explanation as to our inadvertent omission.

All three cases were filed by Ms. Davis between June 12-June 19, 2015.  Although nominally Ms. Davis is a licensed attorney, she filed all three cases *pro-se*.  The complaint in all three cases failed to follow the requirements of RCFC 10(b), titled "Paragraphs; Separate Statements."  The provision reads in part "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* Rather than a focused outline of alleged Governmental liability and resulting monetary damages, Ms. Davis's three complaints read more like a historical narrative of perceived conspiracies and wrongdoing designed to somehow affect her ability to practice law.  Each of the complaints detail an incomprehensible narrative of the alleged wrongs perpetuated by various entities which most, if not all, are state, local or private parties without direct affiliation to the Federal Government.  We will now briefly discuss each complaint.

### 15-598

On June 12, 2015, Ms. Davis filed the complaint in 15-598.  *See* Doc. Ent. No. 1 On June 16, 2015, this Court identified several defects with the filing, one of which concerned the caption.  *See id.* at No. 3.  Specifically, this Court noted that Ms. Davis's complaint contained at least three defects.  *Id.* This Court ordered Ms. Davis to cure those defects or face a dismissal.  *Id.* Ms. Davis did not cure those defects.  Accordingly, on July 21, 2015, this Court dismissed the complaint in 15-598 for failure to comply with a Court order.  *See id.* at 5

### 15-608

On June 16, 2015, Ms. Davis filed the complaint in 15-608 apparently challenging the state of Texas's action suspending her law license.  *See* Doc. Ent. No. 1.  On July 10, 2015, this Court, *sua sponte,* dismissed the complaint in 15-608 for lack of subject matter jurisdiction.  In

2

the memorandum and opinion, this Court explicitly found that this Court did not possess jurisdiction to entertain Ms. Davis's complaint challenging Ms. Davis's suspension of her law license in the state of Texas. Following an overview of the factual and procedural history of Ms. Davis's travails over her law license with the state of Texas, this Court wrote,

> In her complaint, plaintiff appears to seek monetary damages and other relief from the State Bar of Texas for an alleged breach of contract involving her law practice and the suspension of her law license. Compl 12-14. Plaintiff does not assert any claims against the United States in her complaint. *See generally*, Complaint. This Court does not have jurisdiction over plaintiff's grievances against the State Bar of Texas. *See* Souders v. S.C. Pub. Serv. Auth., 497 F.3d 1303, 1308 (Fed. Cir. 2007); *see also Reid v. United States*, 95 Fed. Cl. 243, 248 (2010) (The Court of Federal Claims does not have jurisdiction to hear plaintiff's claims naming state, localities, state government agencies, local government agencies, and **private individuals** and entities as defendants.); *Woodson v. United States*, 89 fed. Cl. 640, 649 (2009) (citing *Shaihoub v. United States*, 75 Fed. Cl. 584, 585 (2007). And so the Court must dismiss plaintiff's claims.

Doc. Ent. No. 5 at p. 6 (emphasis added).

## 15-639

On June 19, 2015, Ms Davis filed the complaint in 15-639. *See* Doc. Ent No. 1. Ms. Davis named herself as plaintiff and Leslie D. Ware as defendant. She did not list the United States or a Governmental agency as defendant. According to Ms. Davis, Mr. Ware is "sexual predator." *Id.* at p. 1. Ms. Davis further alleged in her cover page that she was "a victim of human trafficking and counsel of record." *Id.* Ms. Davis did not specifically name an entity of the Federal Government or make a demand for presently owing money damages. Our response to the complaint was due on August 20, 2015.

Given the rambling nature of three complaints, and more importantly the Court's two earlier dismissals, defendant's counsel, unfortunately not checking the number of each complaint, assumed that the complaint in No. 15-639 was dismissed or otherwise not a viable

action.  As a result, counsel did not further calendar the due date for our response.

Even though we did not timely respond, Ms. Davis cannot identify any prejudice flowing from our lack of timely response because the Court indisputably lacks jurisdiction to entertain the complaint.  Below, we submit a motion to dismiss demonstrating how Ms. Davis fails to satisfy any of the jurisdictional prerequisites to maintain an action in this Court.

Consequently, even if we had timely responded, in lieu of filing an answer, we would have filed a motion to dismiss challenging this Court's subject matter jurisdiction.  Thus, at most, Ms. Davis would have had to respond to our motion 21 days earlier.  Nonetheless, in accordance with RCFC 7.2(b), Ms. Davis will still have a full 28 days to respond to our motion to attempt to identify a plausible theory which would allow this Court to entertain Ms. Davis's complaint seeking among other relief "doing away with federal license maintenance requirements", and "get the government off my back because my ability to practice law is my own intellectual property and the government must not interfere with my very thoughts in light of my right to privacy and rights as a person, including my intellectual property and copyrights outside of what I make public record for people." Compl. at p. 12.  We demonstrate below that she will be unable to make such a showing.  As a result, Ms. Davis has not suffered any prejudice.

## **MOTION TO DISMISS**

On June 19, 2015, Ms. Davis, apparently believing that this Court somehow possess jurisdiction to address her allegation that she is a "victim of human trafficking", Compl. at p. 1, filed a 12 page rambling narrative styled as a complaint seeking various forms of relief, none of which however, seeks money damages from the Federal Government.  Because of the rambling nature of her complaint, we are unable to discern: 1) which specific Federal Government agency or activity of the United States violated a Constitutional Amendment or Federal statute or regulation, 2) which specific Constitutional Amendment or Federal statute or regulation the United States violated, and 3) the specific amount of her alleged money damages.

4

Accordingly, we request dismissal.[1]  In support of this motion, we rely upon the complaint and the following brief.[2]

## STATEMENT OF THE ISSUE

Has plaintiff failed to properly invoke this Court's limited subject-matter jurisdiction?

## STATEMENT OF THE CASE

Based upon the allegations in Ms. Davis's complaint, it is difficult, if not impossible, to discern her cause of action.  Indeed, her complaint, fairly read, does not provide us any notice, within this Court's limited jurisdiction as to why this Court possesses jurisdiction over her cause of action, however one defines her cause of action.

Our confusion begins with the heading of her complaint.  At the top of her cover page, Ms. Davis wrote "In the United States Court of Federal Claims, For the District Court for the District of Delaware, Eastern District of Virginia and/or other ("This Court").  Compl. at p. 1. The nature of the heading was part of the issue which led to the dismissal in 15-598.  *See* 15-598 Doc. Ent. No. 3.

In unnumbered paragraph 2, she lists as "This Court", The Court of Federal Claims, The United States District Court for the District of Delaware, and The United States District Court for the Eastern District of Virginia.  She also mentions, without elaboration, the United States Patent and Trademark Office and the Supreme Court.  *Id.*  Thus, we are unsure of

---

[1]  If the Court, however, were to deny this motion, the Government respectfully requests an enlargement of 45 days from the date of the Court's order to respond to the complaint and to commence case management activities.  Additionally, without a formal discovery scheduling order in place, Ms. Davis submitted 11 interrogatories.  As we believe that this Court does not possess jurisdiction to entertain her complaint, we will not further address her interrogatory requests in this motion.  We will however, address her requests, if need be, in due course.

[2]  For purposes of this motion only, we accept as true the factual allegations as set forth in plaintiff's complaint.  If this Court were to deny our motion to dismiss, we expressly reserve the right to challenge any factual allegation in subsequent filings.

exactly the forum in which she believes her complaint lies.

She then list herself as plaintiff and Leslie Ware as defendant.  With regards to Mr. Ware she proclaims "I plead the discovery rule as a precaution because any delay from timely filing to present is due to the intentional misconduct of Leslie D. Ware . . . a sexual predator." *Id.*  In the first unnumbered paragraph of the second page she writes, without explaining why, "Defendant Leslie Ware (whose net worth exceeds $7,000,000) is a non-party to become party or another upon service, for which third-party or other summonses may issue. *Id.* at p. 2.  On page 8, she states that "Leslie Ware is a sexual predator who sexually abused me from 2010 to 2012.  18 USC § 1595; 18 USC § 1593A.  The State Bar of Texas should suspend his law license." *Id.* at p. 8"

Starting on page 3, she describes her interpretation of jurisdiction and venue.  We cannot discern Ms. Davis' position as to jurisdiction.  Although beginning the paragraph "regarding jurisdiction and venue", other than listing 28 USC § 1491, she does not explain why this Court possesses jurisdiction over her cause of action.  In the same sentence just mentioned, after listing 28 USC § 1491, as well as other Federal statutes as jurisdictional vehicles, she further writes "which may provide jurisdiction in the Eastern District of Virginia to proceed in a district court *de novo,* and Article XII, Section 16(b) of the Rules Governing the State Bar of Texas, which must be interpreted to provide that this Court must enable me to or otherwise file action in the District of Delaware or other court, but Texas seeks to block my access to the Texas courts by threatening to unlawfully arrest me again even though the State lacks plans to prosecute me and instead just plans to hold me in the hopes that I will sign an unconstitutional gag order." *Id* at p. 3.  She does not mention any specific agency of the United States.

Following that paragraph, Ms. Davis spends the rest of her complaint providing a historical narrative of how she believes that she has been wronged by various entities, none of which appears to be the Federal Government.  Indeed, she goes so far as to assert "[e]ach of

State of Texas and United States seek judgment against Leslie Ware and State of Texas for monetary relief to be paid to Chelsea Davis. I seek judgment against Leslie Ware for fees and costs to be disgorged and awarded to Chelsea L. Davis from the numerous law firms who have been paid by Leslie Ware and disgorgement of State Bar of Texas insurance premiums to Leslie Ware to be paid to me." *Id.* at p. 8. In the last paragraph of her complaint, she lists additional relief she seeks. *Id.* at p. 12. All of the remedies she seeks are equitable remedies and appear to be unrelated to any issue she may have with Mr. Ware. Finally, in her certification, she affirms that she served the State of Texas and the United States. She does not indicate that she served Mr. Ware or the State Bar of Texas. *Id.*

## ARGUMENT

### Ms. Davis Fails To Properly Invoke This Court's Limited Jurisdiction; As A Result This Case Should Be Dismissed

**I.      Standard Of Review**

A motion to dismiss should be granted when, accepting the complaint's allegations as true and drawing all inferences in favor of the plaintiff, it is evident that plaintiff is legally entitled to no relief. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *abrogated on other ground by Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed. Cir. 1989); *Farmers Grain Co. v. United States*, 29 Fed. Cl. 684, 686 (1993). While *pro se* plaintiffs are given more latitude in their pleadings and are not held to rigid standards or formalities imposed upon parties represented by counsel, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), a *pro-se* plaintiff must still "comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983) (citing *Faretta v. California*, 422 U.S. 806, 835 n. 46 (1975)). Indeed, "the leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements." *Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) (citing *Kelley v. Sec., United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)). When the absence of a viable claim appears on the face

of the complaint and is obviously not curable, summary dismissal conserves both the Court's and the litigant's resources. *Brown v. Strickler*, 422 F.2d 1000, 1002 (6th Cir. 1970) (quoting *Harmon v. Superior Court*, 307 F.2d 796, 797 (9th Cir. 1962)).  Consequently, although Ms. Davis appears *pro-se,* she still must satisfy the jurisdictional requirements for this Court.  She cannot meet his burden.

Subject matter jurisdiction may be challenged at any time by the parties, by the Court *sua sponte*, or upon appeal.  *Booth v. United States,* 990 F.2d 617, 620 (Fed. Cir. 1993).  Once jurisdiction is challenged by the Court or the opposing party, the plaintiff bears the burden of establishing jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936).  A plaintiff must establish jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed. Cir. 1988); *Alaska v. United States,* 32 Fed. Cl. 689, 695 (1995), *appeal dismissed,* 86 F.3d 1178 (Fed. Cir. 1996).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States,* 124 F.3d 1462, 1465 (Fed. Cir. 1997). Nonetheless, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981), _aff'd,_ 460 U.S. 325 (1983).

When deciding a motion to dismiss based upon either lack of subject matter jurisdiction or failure to state a claim, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974); *see also Henke v. United States,* 60 F.3d 795, 797 (Fed. Cir. 1995); *Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed Cir. 1989).  If a defendant

8

challenges the jurisdiction of the Court, however, the plaintiff cannot rely merely upon allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. *McNutt,* 298 U.S. at 189.

## II.   The Jurisdiction Of This Court Is Limited

To establish jurisdiction in this Court pursuant to the Tucker Act, 28 U.S.C. § 1491(a), a plaintiff must point to a specific constitutional, statutory, regulatory, or contractual provision that creates a right to money that this Court may award. *United States v. Testan*, 424 U.S. 392 (1976). "The limits upon federal [court] jurisdiction, whether imposed by the Constitution or Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). As the United States Court of Appeals for the Federal Circuit has stated, "[i]n construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented by Congress." *Fidelity Construction Co. v. United States*, 700 F.2d 1379, 1387 (Fed. Cir.), cert. denied, 464 U.S. 826 (1983). *Accord, Bailey v. West*, 160 F.3d 1360, (Fed. Cir. 1998) (holding that waivers of sovereign must be explicit and narrowly applied).

Thus, for Ms. Davis to properly invoke this Court's limited jurisdiction, she must allege a specific constitutional, statutory, regulatory, or contractual provision that creates a right to money that this Court may award.   Although difficult to decipher, to the extent we can discern her cause of action, Ms. Davis is not advancing a contract claim.   As noted above, Ms. Davis appears to be filing a criminal complaint against the named defendant, Leslie Ware.  She provides no authority for her contention that this Court can act as an investigative body regarding her allegations of wrongdoing.  Still other than a vague reference to some abuse in one paragraph of her complaint, *see* Compl. at p. 8, Ms. Davis does not carry forth her cause of action.  Rather, she devotes the entirety of her narrative to issues personal to her.  Other than her rambling allegations, Ms. Davis fails to provide any evidence from which this Court can

conclude that the United States violated a specific money-mandating Constitutional, statutory, or regulatory provision. Still, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." *Bradley v. Chiron Corp.* 136 F.3d 1317, 1322 (Fed Cir. 1998). As we will demonstrate below, Ms. Davis has not alleged any of the jurisdictional prerequisites for a cause of action. Thus, even given the considerable deference due to Ms. Davis's *pro se* status, *e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), her complaint should be dismissed for lack of subject-matter jurisdiction.

III.   **Ms. Davis Has Failed To Establish The Jurisdiction Of This Court**

In her complaint, Ms. Davis has filed a disjointed narrative that fails to offer anything more than her view of the alleged wrongs she allegedly suffered at the hand of an individual or individuals who apparently do not work for the Federal Government. She does not list the United States as a defendant in the complaint. Although she lists this Court's jurisdictional charter she never specifically mentions an agency of the Federal Government. Further, nowhere in his complaint does Ms. Davis articulate why she believes that she is entitled to money damages from the United States. Absent a contract, she must assert a money-mandating statute to complete the jurisdictional loop. She does not articulate such a statute. For those reasons alone, this cause of action should be dismissed.

On pages 9-11 of her complaint Ms. Davis mentions several provisions of the Constitution and Federal statutes, but she never ties those provisions to her cause of action regarding Mr. Ware. Nonetheless, despite Ms. Davis's reference to the Constitution and Federal statutes, "[i]t is well settled that this court 'look[s] to the true nature of this action in determining the existence or not of jurisdiction.'" *Peanut Farmers* 409 F.3d at 1373 (quoting *Nat'l Ctr. For Mfg. Sciences v. United States*, 114 F.3d 196, 199 (Fed. Cir. 1997) (further citations omitted). As stated previously, it appears that Ms. Davis believes that she was a

victim of sexual abuse. Sexual abuse is a crime. Allegations of criminal activity are beyond this Court's limited jurisdiction. *See e.g. Montano Electrical Contractor v. United States*, 114 Fed. Cl. 675, 681 (2014). *See also Rick's Mushroom Serv. v. United States*, 521 F.3d at 1343 (Fed. Cir. 2008) ("[t]he plain language of the Tucker Act excludes from the Court of Federal claims jurisdiction claims sounding in tort"). *Accord Brown v. United States,* 105 F.3d 621, 623 (Fed. Cir. 1997). Accordingly, this Court lacks jurisdiction to entertain Ms. Davis' allegation of criminal wrongdoing.

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss the complaint for want of subject-matter jurisdiction.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney
General

ROBERT E. KIRSCHMAN JR.
Director

S/SCOTT D. AUSTIN
SCOTT D. AUSTIN
Assistant Director


S/MICHAEL D. AUSTIN
MICHAEL D. AUSTIN
Trial Attorney
Commercial Litigation Branch
Department of Justice
PO Box 480
Ben Franklin Station
Washington, D.C. 20530
(202) 616-0321
( 202) 305-7644 (fax)

September 14, 2015                           Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that, on this day of September 14, 2015, I caused

to be mailed (first class, postage paid) copies of " **DEFENDANT'S MOTION TO DISMISS**

**FOR LACK OF SUBJECT MATTER JURISDICTION**" addressed as follows:

Chelsea L. Davis
400 New London Rd.
Newark DE 19711