**ORIGINAL**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OR OTHER

**FILED**

**OCT - 8 2015**

U.S. COURT OF
FEDERAL CLAIMS

By leave of the Judge

| | | |
|---|---|---|
| CHELSEA L. DAVIS | § | |
| | § | |
| v. | § | |
| | § | No. 1:15-cv-639 |
| | § | JURY TRIAL DEMANDED |
| UNITED STATES, | § | |
| | § | |

---

## CHELSEA DAVIS'S OPPOSITION TO UNITED STATES'S MOTION TO DISMISS

Chelsea L. Davis
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

1

**Table of Contents**

I.      INTRODUCTION AND PROCEDURAL HISTORY...5

II.     ARGUMENT AND AUTHORITIES...7

    **A.      Chelsea Davis Filed a Timely Charge of Discrimination and a Timely Complaint...10**

    **B.      Chelsea Davis's Complaint Is Not Barred By Res Judicata...11**

        *1.      No Claims Have Yet Been Litigated Because of United States's Gross Misconduct In Threatening Chelsea Davis...11*

        *2.      The 298th Judicial District Court's Plenary Power To Adjudicate On the Merits Expired on Nov. 6, 2013 or December 4, 2013, the Date On Which It Ordered the Transfer or Dismissal Without Prejudice, and Thus the December 27th Order Lacks Claim-Preclusive Effect...12*

        *3.      Sanctioning Counsel Is Not a Judgment On the Merits of an Action, Especially Since the Merits Were Stayed, And the December 27th Order, On Its Face, Does Not Bar Chelsea Davis From Refiling her Claims...14*

        *4.      The December 27th Order Is Void For Lack of Plenary Jurisdiction and Notice...15*

        *5.      Res Judicata Requires a Judgment Rendered By a Court of Competent Jurisdiction, and a Final Judgment On the Merits, But No Such Judgment Exists...16*

        *6.      Chelsea Davis's Claims Were Not and Could Not Have Been Litigated in an Earlier Action Because She Nonsuited Her Claims and the Court Ordered Dismissal Without Prejudice Two Days After the Attempted Filing of the Complaint...16*

        *7.      The Notice of Removal and Transfer Filed on December 18, 2013 Prevent the State Court From Taking Any Action On the Merits of the Removed Case...18*

    **C.      Chelsea Davis Alleges Causes of Action For Which the Law Provides a Civil Remedy In Accordance With the Notice Pleading Standards...18**

    *1.      Element-by-Element Pleading is Not Required*

    *2.      Chelsea Davis Pleads Facts From Which the Court May Infer Each Element*

        *a.      Unconstitutional Attorney Disciplinary and Disability Regime*

            *1.      State Bar of Texas*

            *2.      Congress*

            *3.      USPTO*

            *4.      Patent Attorneys Cannot Be Disciplined For Heterosexual Sex Outside of Marriage, A Third Degree Felony In Texas*

        *b.      Unlawful Attorney Disciplinary and Disability Regime*

            *1.      Board of Disciplinary Appeals' Indefinite Suspension "Order"*

            *2.      Trafficking Victims Protection*

            *3.      Violation of Chelsea Davis's Rights, Including Right To Work*

        *c.      Chelsea Davis's Suspension Evidences Unlawful Retaliation Against Her For Complaining of Sexual Harassment and Human Trafficking Against McKool*

*Smith PC and For Following Her Duty of Disclosure To the USPTO*

d.      *Refund of All Court Costs To Be Made To Chelsea Davis Because She Is An Indigent Victim of Human Trafficking*

e.      *Unlawful Deprivation of My Right To Sue The State of Texas and/or State Bar of Texas In Federal Court*

f.      *Writ To Institute Federal Disciplinary "Action" Or "Proceeding" In the United States Supreme Court*

3.      *Even Under a Heightened Standard, Chelsea Davis Properly Pleads Causes of Action*

**D.      The United States Does Not Dispute They Know the Causes of Action Against Them**

**E.      This Court Has Denied Similar Motions**

**F.      Alternatively, Chelsea Davis Requests Leave To Amend Her Pleadings To Cure Any Deficiencies**

IV.     CONCLUSION

## Table of Authorities

**Statutes**

TEX. R. CIV. P. 162...12

Tex. Civ. Prac. & Rem. Code Ch. 98A...8

Tex. Civ. Prac. & Rem. Code 10.004(e)...15

28 U. S. C. § 1491

   Developments in the Law -- Remedies Against the United States and Its Officials, 70 Harv. L. Rev. 827, 876 (1957); 14 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3656, p. 202 (1976).

...

**Cases**

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986)...27

*Ault v. Mulanax*, 724 S.W.2d 824 (Tex. App. Texarkana 1986)...13

*Homeright Co. v. Exchange Warehouses, Inc.*, 526 S.W.2d 241 (Tex. Civ. App. Tyler 1975)...13

*In re Bennett*, 960 S.W.2d 35 (Tex. 1997)...14, 15, 18

*New York Life Ins. Co. v. Gillispie*, 203 F.3d 384 (5th Cir. 2000)...16

*Pustejovskey v. Rapid-Am. Corp.*, 35 S.W.3d 643, 651 (Tex. 2000)...18

*Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001)...14

*Eastern Cherokees v. United States*, 45 Ct. Cl. 104, 105 (Ct. Cl. 1910)...25

*United States v. Testan*, 424 U.S. 392, 398, 400 (1976)..26

...

I.      INTRODUCTION AND PROCEDURAL HISTORY

Chelsea Davis received what appears to be an unfiled draft of the United States's Motion to Dismiss and files this timely response within twenty-one days.  Contrary to United States's argument on page 2, Chelsea Davis is attempting to cure any defects and respectfully respond to any valid court orders that she receives.  She also seeks to protect her federal right to practice law and thus appeal or otherwise file suit to challenge the preliminary, interlocutory or final "order" attempting to suspend her practice of law in Texas.  The United States is certainly implicated because Chelsea Davis is being unlawfully denied her Constitutional rights and the attorney disciplinary and disability regimes of the State of Texas, State Bar of Texas and the United States Patent and Trademark Office (herein "USPTO") violate the United States Constitution, Chelsea Davis's rights and federal law.  Chelsea Davis further objects to any consolidation of civil, criminal and disciplinary matters.  The Complaint bearing Docket No. 15-598 is the transfer in of a Criminal matter against Chelsea Davis; the Complaint bearing Docket No. 15-608 is a disciplinary and disability matter against Chelsea Davis; and the Complaint bearing Docket No. 15-639 is a civil action brought by Chelsea Davis against the United States, and intending to subsequently transfer in certain pendant claims against third-party defendants McKool Smith P.C., State Bar of Texas, Leslie D. Ware, Samuel F. Baxter and Harlan R. Crow.

Transfer in or removal to any United States Court of certain causes of action against McKool Smith P.C. was needed due to McKool Smith P.C. and the United States's sly maneuvers to transfer the actions to family court in the 254th Judicial District Court, Dallas County, Texas, Chelsea Davis still has not received an answer or had any opportunity for

discovery or a jury trial.  Chelsea Davis attempted to file an action for human trafficking and other causes of action styled *Chelsea L. Davis v. McKool Smith P.C. and Samuel F. Baxter*, Cause No. DC-13-12834, in the 298th Judicial District Court, Dallas County, Texas on October 28, 2013 (herein the "first action").  The first action was sealed, stayed on the merits and ordered for transfer to family court where Chelsea Davis had attempted to secure a temporary ex parte protective order as a victim of human trafficking and sexual assault against Leslie Ware and Samuel Baxter.  To effect severance of her human trafficking claim from her other causes of action and to avoid transfer, Chelsea Davis attempted to amend her complaint in the first action and file a second action for human trafficking, *Chelsea L. Davis v. McKool Smith P.C.*, Cause No. DC-13-14215, in the 298th Judicial District Court on December 2, 2013 (herein the "second action"), but it did not work. The Complaint in the second action was sealed, stayed on the merits and ordered for transfer to family court as well and perhaps consolidated.  To avoid litigating a case against her former employer in family court, Chelsea Davis nonsuited two days after attempted filing pursuant to Rule 162 of the Texas Rules of Civil Procedure. The 298th Judicial District Court noticed or ordered the dismissal **without prejudice** in the first action and in the second action on November 19, 2013 and December 4, 2013, respectively. To the extent any transfer was completed, Chelsea Davis attempted to remove to federal court.  However, the United States District Court for the Northern District of Texas appears to have ordered both transfer and remand such that the "case" went back to the 298th Judicial District Court, Dallas County, Texas more than thirty days after plenary power had expired due to the transfer order to family court and/or any subsequent dismissal without prejudice which may or may not have been

possible following the transfer order.  Accordingly, I have been denied access to the courts at the state and federal level in Dallas and Collin Counties in Texas.

The United States's motion introduces disputed facts and arguments outside of the record and may or may not therefore be a motion for summary judgment. The United States's motion preaches under the headings "15-598", "15-608" and "15-639," to which I object to consolidation because it would greatly prejudice me as the potential defendant in the criminal and grievance matters to have that matter consolidated with a civil matter in which I am the Plaintiff.  Such is an attempt to mislead the Court as to the underlying nature of each.  Severe prejudice would result from denying me my Constitutional rights which I do not waive.  I have not even been read my rights and there is no evidence in any record to support a criminal conviction against myself, especially considering that I have complete immunity in disciplinary matters against myself, which are civil in nature.  Chelsea Davis also generally disputes all facts raised by United States and agent appearing to act on behalf of the State of Texas and objects that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.  Communications in Board of Disciplinary Appeals disability matters are confidential and cannot be introduced as evidence against me in any proceeding.   Rule 8.09 of the Internal Procedural Rules of the Board of Disciplinary Appeals states, "All matters before the District Disability Committee are confidential and are not subject to disclosure." *Id.*

The United States mischaracterizes the present, attempted civil action as arising out of the same transactions not only as the first action and the second action against McKool Smith P.C., but also as the criminal matter(s) against her and disciplinary and disability matter(s) against her. Regardless of whether the transactions are part of an ongoing conspiracy against her, civil and

criminal actions cannot be consolidated, and disciplinary and disability matters are separate from the merits, especially here where there is a stay on the merits of the civil action(s) against McKool Smith P.C. for purposes of disciplinary and disability matters, which should be lifted after resolving the criminal, disciplinary and disability matters in my favor.

Also, in the first action and in the second action, which have since been consolidated under *Chelsea L. Davis v. McKool Smith P.C., State Bar of Texas, Leslie D. Ware, Samuel F. Baxter, and Harlan R. Crow,* DF-13-19281, in the 254th Judicial District Court, Dallas County, Texas (reopened Oct. 1, 2015) or under cause no. 1:15-cv-341 in the United States District Court for the District of Delaware (opened April 29, 2015), which may or may not be transferred in to the United States Court of Federal Claims under this Civil Action No. 1:15-cv-639 or otherwise, Chelsea Davis claimed trafficking of persons under state law, and the civil remedy for such action is statutorily defined as being cumulative to any other cause of action. *See* Tex. Civ. Prac. & Rem. Code Ch. 98A. Chelsea Davis also alleges unlawful willful wage discrimination and sexual harassment and discrimination against her based on her timely January 8, 2014 charge of discrimination filed with the Federal Equal Employment Opportunity Commission ("EEOC"), among certain other causes of action.

Certain actions arise out of the facts that Samuel Baxter threatened Chelsea Davis (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person; (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services (or engage in a commercial sex act or conduct prohibited

by the Texas Penal Code Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution)), that person or another person would suffer serious harm or physical restraint. Because of Samuel Baxter's threats, Chelsea Davis continued working for McKool Smith P.C. under the condition that she sexually gratify Leslie Ware (of The Ware Firm LLC and PanOptis LLC, not McKool Smith P.C.) at Leslie Ware's office. Her sexual obligations to Leslie Ware and selling her into sex slavery on January 11, 2011 (i.e. human trafficking) caused her injuries.

Additional actions arise out of Chelsea Davis's employment with McKool Smith P.C., including paid wages and sexual harassment and discrimination in her office at 300 Crescent Court, Dallas, TX 75201 and her resulting workplace injuries. Even if these actions arise out of the same transactions and occurrences as Chelsea Davis's first two actions against McKool Smith P.C., this action is valid and statutorily permitted to be brought in addition to the actions for trafficking of persons under state law.

Additional actions arise out of facts years later in 2013 when McKool Smith P.C. unlawfully retaliated against Chelsea Davis for complaining of human trafficking by filing a grievance against Chelsea Davis's Texas law license with the State Bar of Texas on or about Aug. 28, 2013. Additional actions arise out of the State of Texas's, State Bar of Texas's and Board of Disciplinary Appeals' conduct over the subsequent two years in investigating the grievance and sua sponte accusing her of having a disability in an effort to shut her up from complaining of the human trafficking, thereby aiding and abetting and participating in a human trafficking venture in violation of state and federal law for which Chelsea Davis is entitled civil remedies.

The State Bar of Texas as a labor agency and the USPTO as a labor agency continue to harm Chelsea Davis by unlawful wage discrimination and discrimination based on her sex and in violation of federal laws such as the Americans With Disabilities Act for which an EEOC complaint would be futile although Chelsea Davis has submitted faxes to the USPTO division for handling such charges of discrimination. Because Chelsea Davis is a victim of human trafficking and the trafficking by forced labor without pay is ongoing, the State Bar of Texas and the USPTO and thus vicariously or otherwise the State of Texas and the United States are aiding, abetting and participating in an unlawful human trafficking venture for which Chelsea Davis is entitled civil remedies and relief. While there are additional facts supporting the United States's continued retaliation against Chelsea Davis for protected activities, she has not yet had any opportunity to bring these claims in any court.

Contrary to the United States's arguments, (1) Chelsea Davis filed a timely charge of discrimination with the EEOC and USPTO and a timely complaint; (2) Chelsea Davis's complaint is not barred by res judicata; (3) Chelsea Davis alleges causes of action for which the law provides a civil remedy; and (4) Chelsea Davis's complaint satisfies the pleading standards. In addition, Chelsea Davis moved for leave to amend her complaint against the United States within a reasonable time and has not failed to obey any valid order of this Court without reasonable excuse.  Therefore, this Court must deny the United States's Motion To Dismiss.

## II.    ARGUMENT AND AUTHORITIES

## A.    Chelsea Davis Filed a Timely Charge of Discrimination and a Timely Complaint

Chelsea Davis filed a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission ("EEOC") on January 8, 2014, Charge no.

450-2014-00926. Chelsea Davis filed her Charge for willful wage discrimination on time within the three year statute of limitations. Chelsea Davis also filed her complaint for willful wage discrimination on time on January 8, 2014 within the three year statute of limitations. The EEOC confirmed that Chelsea Davis had the right to sue McKool Smith P.C. on January 8, 2014 for willful wage discrimination in its letter providing her with a right to sue. Under the Equal Pay Act, the filing of a charge of discrimination and obtaining a right-to-sue letter from the EEOC is optional but not required prior to filing suit.

**B.      Chelsea Davis's Complaint Is Not Barred By Res Judicata**

McKool Smith P.C. improperly concludes that Chelsea Davis's Complaint is barred by res judicata because of the 298th Judicial District Court's "order" for sanctions in the second action on December 27, 2013 (the "December 27th Order"). Res Judicata does not apply for the following reasons: (1) no claims have yet been litigated because of gross misconduct in threatening Chelsea Davis; (2) the 298th Judicial District Court's plenary power to adjudicate on the merits expired on Nov. 6, 2013 or Dec. 4, 2013 or otherwise, and thus the December 27th Order lacks claim-preclusive effect; (3) sanctioning counsel on Dec. 27, 2013 was not a judgment on the merits of any cause of action brought by Chelsea Davis, and the December 27th Order, on its face, does not bar Chelsea Davis from refiling her claims; (4) the December 27th Order is void for lack of plenary power, jurisdiction and notice; (5) res judicata requires a judgment rendered by a court of competent jurisdiction, and a final judgment on the merits, but no such judgment exists; (6) Chelsea Davis's causes of action were not and could not have been litigated in an earlier action because Chelsea Davis nonsuited and the Court ordered dismissal

without prejudice; and (7) Chelsea Davis's notice of removal filed on December 18, 2013 prevented the state court from taking any action on the merits of the removed case.

Similarly, Chelsea Davis complaint against the United States is not barred by the "order" dated May 13-14 of the District Disability Committee for the State Bar of Texas or Board of Disciplinary Appeals or any other "order" or "judgment" or "sanction" against her as such, including the vexatious litigant "order" must be set aside as void.  However, criminal and disciplinary prosecution against Chelsea Davis is barred at least by this Court's conduct.

### 1. *No Claims Have Yet Been Litigated Because of Gross Misconduct In Threatening Chelsea Davis*

Even after Chelsea Davis nonsuited the first and second actions and they were dismissed without prejudice, threats of financial harm continued. Chelsea Davis became so terrified of United States's threats against her that she sought refuge with family on December 26, 2013 instead of attending any alleged "hearing" on a motion for sanctions against her.  In the face of severe threats of harm, which continued even after she nonsuited, none of the present claims were or could have been litigated in an earlier action. Chelsea Davis has not yet had any opportunity for discovery. Accordingly, it would not have been possible for Chelsea Davis to bring the present claims in an earlier action in any court.

### 2. *The 298th Judicial District Court's Plenary Power To Adjudicate On the Merits Expired on Nov. 6, 2013 or Dec. 4, 2013, the Dates on Which It Ordered Transfer or Dismissal Without Prejudice, and Thus the December 27th Order Lacks Claim-Preclusive Effect*

The 298th Judicial District Court ordered the dismissal without prejudice of the second action on December 4, 2013. Chelsea Davis had the right under TEX. R. CIV. P. 162 to take a nonsuit at any time before she introduced all of her evidence, and she exercised that right when

she nonsuited her claims two days after attempting filing suit on December 4, 2013 or Oct. 28, 2013. The subsequent motion for sanctions on December 16, 2013 could not have affected and did not affect Chelsea Davis's absolute right to take a nonsuit. *See Ault v. Mulanax*, 724 S.W.2d 824, 828 (Tex. App. Texarkana 1986) ("The petitioner was entitled to non-suit at the time she made the request on that date, and subsequent pleadings filed by the respondent could not affect her right to the non-suit, irrespective of when the motion for non-suit was later acted upon by the trial court.").

Upon signing the order of dismissal without prejudice, the 298th Judicial District Court lost plenary power to adjudicate on the merits. *See In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) ("[T]he signing of an order dismissing a case, not the filing of a notice of nonsuit, is the starting point for determining when a trial court's plenary power expires."). *See also Ault v. Mulanax*, 724 S.W.2d 824, 829 (Tex. App. Texarkana 1986) ("the active jurisdiction of the trial court over the subject matter terminates when it grants the motion for a non-suit."). "When the Plaintiff takes a non-suit before resting her case, the trial court loses jurisdiction of the entire case except jurisdiction to render the order of dismissal without prejudice." *Id.* at 829. *See also Homeright Co. v. Exchange Warehouses, Inc.*, 526 S.W.2d 241, 245 (Tex. Civ. App. Tyler 1975) ("it has been held that it is not strictly accurate to speak in terms of res judicata in instances where a plaintiff takes a non-suit before judgment"). Thus, the 298th Judicial District Court lacked jurisdiction over the subject matter to adjudicate on the merits after December 4, 2013.

Because the 298th Judicial District Court lacked plenary power to adjudicate on the merits, the December 27th Order does not have any claim preclusive effect; at most it could prevent refiling of the same claims in the same court. The United States Supreme Court has

noted that not necessarily all judgments denominated "with prejudice" are entitled to claim-preclusive effect, where the dismissal "with prejudice" merely barred refiling of the same claim in the same court. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 503 (2001) ("In short, it is no longer true that a judgment 'on the merits' is necessarily a judgment entitled to claim-preclusive effect"). "The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the Plaintiff from returning later, to the same court, with the same underlying claim. ... [I]ts primary meaning relates to the dismissing court itself." *Id.* at 505. Therefore, the December 27th Order merely prevents Chelsea Davis from filing the same claims in the same court and does not have any claim-preclusive effect. Likewise, orders of the United States District Courts for the Northern and Eastern Districts of Texas and District of Delaware and orders of state courts in Dallas, Collin and Travis counties may prevent Chelsea Davis from appearing there.

### 3. *Sanctioning Counsel Is Not a Judgment On the Merits of an Action, And the December 27th Order, On Its Face, Does Not Bar Chelsea Davis From Refiling her Claims*

The December 27th Order to sanction counsel is not a judgment on the merits because sanctioning counsel is collateral to the merits of an underlying case. "In *Willy v. Coastal Corp.*, the United States Supreme Court relied upon its holding in Cooter and recognized that sanctioning counsel for their conduct is collateral to the merits of the underlying case." *In re Bennett* at 39 (*citing* Willy v. Coastal Corp., 503 U.S. 131, 137-38 (1992)). "Sanctioning counsel is 'not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction

would be appropriate.'" *Id.* at 39 (*quoting Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)).

On the face of the order, Judge Emily Tobolowsky crossed out the portion ordering, "that Davis be, and she hereby is, enjoined from any further filing against Defendants of the claims dismissed herein." Judge Tobolowsky had already transferred Chelsea Davis's claims to the 254th Judicial District Court, and the December 27th Order made it clear that Chelsea Davis must proceed with her claims in family court in the 254th Judicial District Court. The December 27th Order on its face does not adjudicate on the merits of Chelsea Davis's claims. Rather, the December 27th Order prevents Chelsea Davis from filing the same claims against the United States and Defendants in the 298th Judicial District Court.

### 4.    *The December 27th Order Is Void For Lack of Plenary Jurisdiction and Notice*

Chelsea Davis's right to nonsuit on December 4, 2013, when there was no motion pending, was absolute. United States filed its motion for sanctions on December 16, 2014, after (not before) the court's plenary power expired. "It is only after plenary jurisdiction has expired that a trial court may not sanction counsel for pre-judgment conduct." *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (citing Scott & White Mem'l Hosp. v. Schexnider, 940 S.W.2d 594, 596 & n. 2 (Tex. 1996)). On December 27, 2013, the 298th Judicial District Court lacked jurisdiction to sanction counsel, and thus the December 27th Order is void for lack of plenary jurisdiction.

The December 27th Order is also void for lack of notice. "Notice is essential for the proper imposition of either pleading or discovery sanctions, and the trial court may not impose such sanctions sua sponte without notice." *Id.* at 38. *See* Tex. Civ. Prac. & Rem. Code 10.004(e).

Therefore, the 298th Judicial District Court's December 27th "order" and additional "orders" are void for lack of plenary jurisdiction and notice.

**5.**     ***Res Judicata Requires a Judgment Rendered By a Court of Competent Jurisdiction, and a Final Judgment On the Merits, But No Such Judgment Exists***

For a prior judgment to bar an action on the basis of res judicata:

"First, the parties in a later action must be identical to (or at least in privity with) the parties in a prior action. Second, the judgment in the prior action must have been rendered by a court of competent jurisdiction. Third, the prior action must have been concluded with a final judgment on the merits. Fourth, the same claim or cause of action must be involved in both suits."

*See New York Life Ins. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000) (quoting *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994)).

The December 27th Order does not bar this action on the basis of res judicata because it fails the four-prong test on the last three prongs. The 298th Judicial District Court did not have jurisdiction to issue the December 27th Order, the December 27th Order was not a final judgment on the merits, and the same claim or cause of action is not involved in both suits. Therefore, the December 27th Order cannot act as a bar to any later action brought by Chelsea Davis on the basis of res judicata.

**6.**     ***Chelsea Davis's Claims Were Not and Could Not Have Been Litigated in an Earlier Action Because Chelsea Davis Nonsuited Her Claims and the Court Ordered Dismissal Without Prejudice***

Res judicata does not apply unless the later action is based on the same claims as were raised or could have been raised in the earlier action. The present action does not include any of the same claims that were raised or could have been raised in earlier action. The claims in this action could not have been raised in the first action for several reasons. For example, Chelsea

Davis's was being prevented from filing her claims. Not only are the facts and transactions of this action different to the extent they are actually brought before this Court, the injuries are different as well because the injuries are new as of May 13-14, 2015.

The facts at issue in the state court action involve McKool Smith P.C. conditioning Chelsea Davis's employment upon having sex with Leslie Ware in 2010. Chelsea Davis suffered injuries as a direct and proximate result of her being sold into sexual slavery to Leslie Ware in 2011. The facts at issue in this action involve Chelsea Davis's employment at McKool Smith P.C., facts that took place in her office at McKool Smith P.C. and injuries that directly and proximately resulted from the sexual harassment and discrimination that took place in her office at McKool Smith P.C. and following through the end of 2012. This action specifically includes wage discrimination by McKool Smith P.C. and the common employer based on Ms. Davis's EEOC charge of discrimination that she filed on January 8, 2014 and additional charges. Further, this action includes trauma and retaliation and continued forced labor human trafficking in 2013, 2014 and 2015.

Even if the facts were exactly the same, res judicata still would not apply because the present claims could not have been brought in any state court action, especially one which was nonsuited two days after it was filed prior to any discovery and dismissed without prejudice, because the present claims are based on federal law and regulations governing Patent Attorneys which preempt the Texas regime. Chelsea Davis's federal claims could not have been brought in the first or second state court actions. Even if the present claims could have been brought in an earlier action, res judicata still does not bar the present claims because the present claims could not have been litigated in the earlier action. Contrary to United States's argument, "the

17

transactional approach set out in *Barr* does not necessarily penalize a plaintiff for not bringing a claim arising out of the same facts that nonetheless could not have been litigated in the initial litigation." *Pustejovskey v. Rapid-Am. Corp.*, 35 S.W.3d 643, 651 (Tex. 2000). Res judicata acts as a bar only if the subsequent claim could have been litigated in the prior suit. *Id.* No claims were litigated in a prior civil suit nor could they have been litigated because Chelsea Davis nonsuited her claims and the Court dismissed her claims without prejudice.

### 7.     Chelsea Davis's Notice of Removal Filed on December 18, 2013 Prevented the State Court From Taking Any Action On the Merits of the Removed Case

Chelsea Davis filed a notice of removal on December 18, 2013. "Once a case is removed to federal court the state court shall proceed no further unless and until the case is remanded. 28 U.S.C.S. § 1446(d). 28 U.S.C.S. § 1446(d) clearly prohibits state courts from taking any action on the merits of the removed case." *In re Bennett* at 39.

## C.     Chelsea Davis Alleges Causes of Action For Which the Law Provides a Civil Remedy In Accordance With Notice Pleading Standards

### 1.     Element-by-Element Pleading is Not Required

Has the United States asked for specific facts to be added to Complaint, such as, for example, the specific names of third parties, beyond the more general naming of "United States's customers," which was recently held to be sufficient according to the Eastern District of Texas in *Sipco. Id.* at 7.   District Courts, including this Court, have rejected United States's current arguments.   For example, this Court, in a post-*Iqbal* decision by Judge Fitzwater, rejected such an argument. *B-50.com, LLC v. Infosync Services, LLC*, 3:10-CV-1994-D, 2011 U.S. Dist. LEXIS 29102, at *3-4 (N.D. Tex. Mar. 22, 2011) (unpublished). In *B-50.com*, the Court denied United States's motion to dismiss where the plaintiff had satisfied the pleading standards of *Iqbal*

18

and *Twombly*. *Id.*

Chelsea Davis refers the Court to additional exemplary documents to emphasize that it has pled facts sufficient to infer every element on an element-by-element basis. *See Round Rock*, No. 4:11-CV-332, at 4 (attached to United States's Motion to Dismiss) ("a court may consider documents attached to [a response to] a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim") (citing *Scanlan v. Tex. A&M Univ.*, 343 F.3d 543, 536 (5th Cir. 2003)); *Illinois Tool Works*, 2011 WL 6002967 at *3 (citing *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146-47 (7th Cir. 2010)).

    **2.**    ***Chelsea Davis Pleads Facts From Which the Court May Infer Each Element***

    *a.*    *Unconstitutional Attorney Disciplinary and Disability Regime*

The regime by the State Bar of Texas, Congress, and the USPTO are unconstitutional.  In addition, Patent Attorneys Cannot Be Disciplined For Heterosexual Sex Outside of Marriage, A Third Degree Felony In Texas.

    *b.*    *Unlawful Attorney Disciplinary and Disability Regime*

The Board of Disciplinary Appeals' Indefinite Suspension "Order"is unlawful.  It violates federal law governing Trafficking Victims Protection. It Violation of Chelsea Davis's Rights, Including Right To Work.

    *c.*    *Chelsea Davis's Suspension Evidences Unlawful Retaliation Against Her For Complaining of Sexual Harassment and Human Trafficking Against McKool Smith PC and For Following Her Duty of Disclosure To the USPTO*

*See Complaint.*

    *d.*    *Refund of All Court Costs To Be Made To Chelsea Davis Because She Is An Indigent Victim of Human Trafficking*

Chelsea Davis request refund of court costs and money damages to which she is entitled.

     *e.     Unlawful Deprivation of My Right To Sue The State of Texas and/or State Bar of Texas In Federal Court*

*The State of Texas and State Bar of Texas Are Unlawfully Aiding and Abetting a Human Trafficking Venture Victimizing Chelsea Davis, Harassing Her With Its Attorney Disciplinary and Disability Regime and Threats of Malicious Prosecution*

     *f.     Writ to institute federal disciplinary "action" or "proceeding" in the United States Supreme Court*

In short, many facets of Chelsea Davis's licensure are disputed along with the Constitutionality and legality of the State Bar of Texas and USPTO disciplinary and disability regimes. By alleging a single enterprise theory of liability against the common employer, Chelsea Davis disputes the term of her employment and her job function and asserts her continued ability to practice law in Texas without interference by the State Bar of Texas. Chelsea Davis's complaint raises genuine issues of material fact in support of her particular claims she seeks to assert against the United States, and her claims should survive summary judgment at this time, prior to any discovery. She seeks money damages against the United States pursuant to federal law and regulations permitting her to do so.

Chelsea Davis properly moves for leave to plead pendant or other civil claims against McKool Smith P.C. for sexual harassment and discrimination under Title VII and 42 U.S.C. § 1981; conspiracy; disability discrimination; wages and overtime; false imprisonment; quantum meruit and unjust enrichment; conspiracy to commit assault; wrongful termination; breach of contract; intentional infliction of emotional distress; fraud and promissory estoppel; negligent hiring, supervision and retention and gross negligence; willful wage discrimination under the Equal Pay Act; conspiracy to interfere with her rights conferred on her by 42 U.S.C. § 1981 and

under 42 U.S.C. § 1983; and sexual assault, which appear to be pending in the United States District Court for the District of Delaware or other court.

The United States, however, mischaracterizes Chelsea Davis's Complaint(s) as consisting of "a 12 page rambling narrative." [Motion, p. 4]. Contrary to the United States's argument, Chelsea Davis has asserted valid claims of unconstitutionality and illegality of the attorney disciplinary and disability regime and under Title VII for sexual harassment, unlawful discrimination and unlawful retaliation and pleads many facts in support, including sexual assault, sexual abuse and other conduct that is so offensive to a person that it is not only sexual harassment and unlawful human trafficking but human trafficking is also a state and federal crime not being alleged or prosecuted.  Contrary to the United States's argument, Chelsea Davis has asserted a valid claim under 18 U.S.C. § 2255. It is not necessary for such a claim that Chelsea Davis be a minor at the times alleged in the Complaint.  Separate references under 18 U.S.C. § 2255 to "victim" and "personal injury" show that victims may sue for injuries they incur later in life.

Statutes of limitations are subject to equitable tolling, and Chelsea Davis has presented facts in support of equitable tolling to the extent any tolling of any statutes of limitations is necessary for her claims against others.

While Chelsea Davis was rushed in filing her complaints and has not yet had an opportunity to amend her complaints, Chelsea Davis's complaints satisfy any applicable notice pleading standards in accordance with the Federal Rules of Civil Procedure, although any complaints against her do not so satisfy the notice pleading standards and must be severed and dismissed to the extent there are any.  She sets forth facts sufficient to put the United States on

notice of what it must defend against. In fact, Chelsea Davis's Complaint goes beyond the notice pleading requirements by providing a multitude of facts to support each of the elements of her claims against the United States. The United States is required to answer the allegations in the Complaint. However, the United States, like McKool Smith P.C., continues to avoid answering any of Chelsea Davis's allegations by filing various motions and bullying her into dropping her claims out of fear. The United States's motion presents arguments based on facts outside of the record that are taken completely out of context and lies in an attempt to mislead this Court. Chelsea Davis has not yet received any brief from the United States referred to on page 5.

   3.   *Even Under a Heightened Standard, Chelsea Davis Properly Pleads Causes of Action*

Chelsea Davis satisfies the heightened pleading standard of Fed. R. Civ. P. 9(b) with respect to her fraud on the patent office claim to the extent there is any heightened standard. Chelsea Davis specifies the who, what, when, where and how of the misconduct alleged. Because McKool Smith P.C. is a business entity, Chelsea Davis specifies the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. Plus, she identifes the federal judges. Also, one or more of United States's agents misrepresented their purpose in hiring Chelsea Davis as their lawyer to do legal work. Discovery will reveal, for example, that Johnny Ward of Ward & Smith Law Firm hired Chelsea Davis to perform legal work, not as her client, but as an agent of United States to defraud her. As another example, discovery will reveal that other attorneys and agents hired Chelsea Davis to perform legal work, not as her client, but as an agent of United States to defraud her. Chelsea Davis provides several additional examples of dates and times when various shareholders had the duty to speak but failed to inform her of

the truth, and Chelsea Davis would not have taken certain actions but for their lies to her. Accordingly, Chelsea Davis satisfies the requirements to provide the time, place and specific content of misrepresentations or omissions to properly plead fraud.

For example, Chelsea Davis provides various facts of trafficking and harassing her that took place in the State of California. Section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." *Jones v. Kmart Corp.*, 17 Cal.4th 329, 334, 70 Cal.Rptr.2d 844, 949 P.2d 941 (1998). "[N]othing in Civil Code section 52.1 requires any showing of actual intent to discriminate." *Venegas v. County of Los Angeles*, 32 Cal.4th 820, 842, 11 Cal. Rptr. 3d 692, 87 P.3d 1 (2004). Section 52.1(b) states "Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages." Cal. Civ. Code. "Section 52.1(b) provides a cause of action to any person who has been denied rights under the laws of California." *Winarto v. Toshiba America Electronics Components, Inc.*, 274 F.3d 1276, 1289, n. 13 (9th Cir. 2001). The necessary elements for a section 52.1 claim are: "(1) United States interfered with plaintiff's constitutional rights by threatening or committing violent acts; (2) that plaintiff reasonably believed that if she exercised her constitutional rights, United States would commit violence against her law license; (3) plaintiff was harmed; and (4) United States's conduct was a substantial factor in causing plaintiff's harm." *Tolosko-Parker v. County of Sonoma*, 2009 U.S. Dist. LEXIS 15598, 2009 WL 498099, at *5 (N.D. Cal. 2009).  There is no requirement that the act constitute a crime.

As another example, Chelsea Davis's claims for negligence and breach of contract against the United States follows sample Forms, the model pleading for such, to satisfy the Federal Rules. *See* FED. RULE CIV. P. 84. Contrary to United States's assertion, Chelsea Davis has satisfied the model pleading requirements and relevant case law.

Chelsea Davis's claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act are subject to equitable tolling.  *See National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, in which the Supreme Court held that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. Chelsea Davis's claim for willful wage discrimination against the United States must be heard.

Chelsea Davis's Complaint places United States (not Chelsea Davis) on notice of the claims against it, in satisfaction of Rule 8 of the Federal Rules, and of the relevant case law, including *Iqbal* and *Twombly*, pending leave to file such. *See* FED. RULE CIV. P. 8; *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).

### D.     The United States Does Not Dispute They Know the Causes of Action Against Them

The United States and Defendants do not dispute they know these causes of action against them.

### E.     This Court Has Denied Similar Motions

District Courts and the United States Court of Federal Claims have adopted the Federal Circuit's holding in *McZeal* and have found that complaints similar to the instant Complaint

provide sufficient notice under the Federal Rules.  The United States failed to cite to a single

decision of this Court and do not cite the latest authority from the Federal Circuit applying *Iqbal*

and *Twombly – McZeal*.

The question of what is essential in order to confer jurisdiction in this court over the

judgments of the Court of Claims was exhaustively examined by Chief Justice Taney in *Gordan*

v. *United States*, reported in 117 U.S., 697, and that judgment has been more than once referred

to by this court as conclusive of the question therein considered. (*District of Columbia* v. *Eslin*,

183 U.S., 62, 64; *District of Columbia* v. *Barnes*, 187 U.S. 637; *post*, 344; 23 Sup. Ct. Rep.,

846).)" *Eastern Cherokees v. United States*, 45 Ct. Cl. 104, 105 (Ct. Cl. 1910).  Congress

responded by conferring jurisdiction on the Court of Claims to hear any tribal claim "of a

character which would be cognizable in the Court of Claims if the claimant were not an Indian

tribe." *Id.*, at 13.  Indians were to be given "their fair day in court so that they can call the various

Government agencies to account on the obligations that the Federal government assumed." *Id.*, at

5312.  The House  Report stressed the same point: "If we fail to meet these obligations by

denying access to the courts when trust funds have been improperly dissipated or other fiduciary

duties have been violated, we compromise the national honor of the United States." H. R. Rep.

No. 1466, *supra, at 5*.

The existence of a waiver is readily apparent in claims founded upon "any express or

implied contract with the United States." 28 U. S. C. § 1491. The Court of Claims' jurisdiction

over contract claims against the Government has long been recognized, and Government liability

in contract is viewed as perhaps "the widest and most unequivocal waiver of federal immunity

from suit." Developments in the Law -- Remedies Against the United States and Its Officials, 70

Harv. L. Rev. 827, 876 (1957). See also 14 C. Wright, A. Miller, & E. Cooper, Federal Practice

and Procedure § 3656, p. 202 (1976). The source of consent for such suits unmistakably lies in

the Tucker Act. Otherwise, it is doubtful that *any* consent would exist, for no contracting officer

or other official is empowered to consent to suit against the United States. The same is true for

claims founded upon executive regulations. Indeed, the Act makes absolutely no distinction

between claims founded upon contracts and claims founded upon other specified sources of law.

In *United States* v. *Testan*, 424 U.S. 392, 398, 400 (1976), and in *United States* v.

*Mitchell*, 445 U.S., at 538, this Court employed language suggesting that the Tucker Act does not

effect a waiver of sovereign immunity. Such language was not necessary to the decision in either

case. See *infra*, at 217-218. "Without in any way questioning the result in either case, we

conclude that this isolated language should be disregarded. If a claim falls within the terms of the

Tucker Act, the United States has presumptively consented to suit." *Id. United States v. Mitchell*,

463 U.S. 206, 216 (U.S. 1983).

"For example, in *United States* v. *Testan, supra*, two Government attorneys contended

that they were entitled to a higher salary grade under the Classification Act, and to an award of

backpay under the Back Pay Act for the period during which they were classified at a lower

grade. This Court concluded that neither the Classification Act nor the Back Pay Act could fairly

be interpreted as requiring compensation for wrongful classifications. See 424 U.S., at 398-407.

Particularly in light of the "established rule that one is not entitled to the benefit of a position

until he has been duly appointed to it," *id.*, at 402, the Classification Act does not support a claim

for money damages.While the Back Pay Act does provide a basis for money damages as a

remedy "in carefully limited circumstances" such as wrongful reductions in grade, *id.*, at 404, it

does not apply to wrongful classifications. *Id.*, at 405. *United States v. Mitchell*, 463 U.S. 206, 217 (U.S. 1983).

### F.     Alternatively, Chelsea Davis Requests Leave To Amend Her Pleadings To Cure Any Deficiencies

"When a plaintiff's complaint must be dismissed for failure to state a claim, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice." *Transocean Offshore Deepwater Drilling, Inc. v. Stena Drilling Ltd.*, H-08-3287, 2009 WL 1758758 at *3 (S.D. Tex. June 22, 2009) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). If this Court finds that the Complaint is insufficient, Chelsea Davis seeks leave to submit an amended Complaint. *See* FED. R. CIV. P. 15(a) (providing that leave to amend pleadings shall be "freely give[n]" when "justice so requires"); *see also Foman v. Davis*, [check Fornan_____] 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

## III.    CONCLUSION

"Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, show that there is no genuine issue as to any material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). "The court must draw all reasonable inferences in favor of the non-moving party." *Id.* at 255. Drawing all inferences in favor of Chelsea Davis, the United States's motion necessarily fails and should be

denied. Chelsea Davis respectfully requests this Court to deny the United States's motion or at least wait until after discovery to decide the United States's motion.

As for why the Court should deny United States's Motion, the reason is simple: the Complaint (Doc. No. 1.) pleads Davis's causes of action with the specificity required by the Federal Rules of Civil Procedure (the "Federal Rules") and places United States on notice of what it must defend against.

Dated:  October 7, 2015                    Respectfully submitted,

                                           /s/Chelsea L. Davis
                                           Chelsea L. Davis, Pro-Se
                                           25 Highland Park Vlg., Ste. 100-830
                                           Dallas, TX 75205
                                           Telephone: (469) 426-5850
                                           Facsimile: (469) 533-0466
                                           cdavis@chelseadavispc.com

## CERTIFICATE OF SERVICE

This is to certify that all opposing counsel will be notified via email or fax on this 7th day of October, 2015.

                                           /s/Chelsea L. Davis
                                           Chelsea L. Davis, Pro-Se