**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-639C
Filed January 7, 2016
FOR PUBLICATION

**FILED**
JAN - 7 2016
U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| CHELSEA L. DAVIS, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) *Pro Se*; Rule 12(b)(1), Subject-Matter <br> ) Jurisdiction; Claims Against a Private <br> ) Party. |
| THE UNITED STATES, | ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

*Chelsea L. Davis*, Dallas, TX, plaintiff *pro se*.

*Michael D. Austin*, Trial Attorney, *Scott D. Austin*, Assistant Director, *Robert E. Kirschman Jr.*, Director, *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**MEMORANDUM OPINION AND ORDER**

GRIGGSBY, Judge

## I. INTRODUCTION

*Pro se* plaintiff, Chelsea L. Davis, brought this action asserting claims of sexual abuse and human trafficking against a private individual, Leslie D. Ware, and challenging the suspension of her law license by the State Bar of Texas. The government has moved to dismiss the case for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons set forth below, the Court **GRANTS** the government's motion to dismiss.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

Plaintiff, Chelsea L. Davis, is an attorney who has previously been licensed to practice law in the State of Texas. *See* Compl. at 1, 3. On May 13, 2015, the Board of Disciplinary Appeals appointed by the Supreme Court of Texas entered a Judgement of Indefinite Disability Suspension, suspending plaintiff's law license. *See In the Matter of Chelsea L. Davis,* Case No. 54202 (May 13, 2015) (Board of Disciplinary Appeals, Judgment of Indefinite Disability Suspension). Subsequently, on June 19, 2015, plaintiff filed this action challenging, among other things, the suspension of her law license. *See generally* Compl.

Plaintiff's complaint is difficult to follow. *Id.* Nonetheless, it appears that plaintiff asserts claims of sexual abuse and human trafficking against a private individual, Leslie D. Ware, who had been originally named as the defendant in the complaint.[2] *Id.* at 1, 6-8. Additionally, plaintiff appears to challenge the suspension of her law license by the State Bar of Texas. *Id.* at 3-4, 10. Regarding these claims, plaintiff requests that the Court:

> [P]rovide [plaintiff] with an adequate remedy, which may require (1) taking [her] off the list of attorneys in Texas so that [she] may continue to practice Patent law before the USPTO; (2) taking [her] off the list of attorneys in the USPTO so that [she] may continue to practice Patent law in the State of Texas; (3) doing away with federal licensure maintenance requirements; (4) doing away with state licensure maintenance requirements; (5) harmonizing state and federal licensure maintenance requirements; (6) get rid of any admissions requirements of individual federal courts; (7) get the government off [her] back because [her] ability to practice law is [her] own intellectual property and the government must not interfere with [her] very thoughts in light of [her] right to privacy and liberties to work without unwanted interference; and/or (8) stop violating [her] right to privacy and rights as a person, including [her] intellectual property and copyrights outside of what [she] make[s] public record for people.

*Id.* at 11-12.

---

[1] Unless otherwise noted herein, the facts recited in this Memorandum Opinion and Order are taken from plaintiff's complaint ("Compl. at __"), defendant's response to the Court's Order to Show Cause and motion to dismiss ("Def. Mot. at __"), plaintiff's opposition to defendant's motion to dismiss ("Pl. Opp. at __"), and defendant's reply in support of its motion to dismiss ("Def. Rep. at __").

[2] The Clerk's Office substituted the United States as the named defendant in this action on June 19, 2015.

### B. Procedural Background

On June 19, 2015, plaintiff filed the complaint in this matter. *See generally* Compl. The government failed to file a timely response to plaintiff's complaint and the Court issued an Order to Show Cause on August 31, 2015. *See generally* Order to Show Cause. On September 14, 2015, the government filed a response to the Court's Order and a motion to dismiss this matter for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). *See generally* Def. Mot.

On October 8, 2015, plaintiff filed a response and opposition to defendant's motion to dismiss. *See generally* Pl. Opp. On October 9, 2015, the Court granted plaintiff leave to file a motion styled as "Chelsea L. Davis's Special/Non-Appearance Motion For Leave To File A Reply To The United States's [*sic*] Response To Show Cause Order To Request This Court To Exercise Supplemental Jurisdiction Over The Claims In The Attached Exhibit A Entitled 'Complaint.'" *See* Pl. Rep. to Def. Resp. to Order to Show Cause. On October 26, 2015, the government filed a reply to plaintiff's opposition to its motion to dismiss. *See generally* Def. Rep. The government's motion to dismiss having been fully briefed, the Court addresses the pending motion.

### III. STANDARDS OF REVIEW

#### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*. The Court recognizes that parties proceeding *pro se* are granted greater leeway than litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). Nonetheless, "[w]hile a court should be receptive to *pro se* plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate." *Demes v. United States*, 52 Fed. Cl. 365, 369 (2002). And so, while the Court may excuse ambiguities in plaintiff's complaint, the Court does not excuse the complaint's failures. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

In addition, this Court has long recognized that "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). For this reason, a *pro se* plaintiff–like

any other plaintiff–must establish the Court's jurisdiction to consider her claim by a preponderance of the evidence. *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010).

### B.     Rule 12(b)(1)

When deciding a motion to dismiss for lack of subject-matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); RCFC 12(b)(1). Plaintiff bears the burden of establishing subject-matter jurisdiction, and must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And so, should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Specifically, the Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). And so, to come within the jurisdictional reach and waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). If the Court finds that the source of law alleged is not money-mandating, the Court must dismiss the case for lack of jurisdiction. *Id.* at 1173; RCFC 12(b)(1).

## IV. LEGAL ANALYSIS

### A. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claims

The government has moved to dismiss plaintiff's complaint upon two grounds. *See generally* Def. Mot. First, the government argues that the Court does not possess subject–matter jurisdiction to consider plaintiff's claims, because plaintiff's claims are against defendants other than the United States. *Id.* at 10. Second, the government argues that the Court also does not possess jurisdiction to consider plaintiff's claims, because plaintiff fails to identify a money-mandating source of law that would create a right to recover money damages from the United States. *Id.* at 10-11. For the reasons discussed below, the Court argues that it does not possess jurisdiction to consider plaintiff's claims.

#### 1. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claims Against A Private Party Or State Entity

As an initial matter, the Court does not possess jurisdiction to consider plaintiff's claims against private individuals or state entities. In the complaint, plaintiff asserts sexual abuse and human trafficking claims against a private individual–Leslie D. Ware. Compl. at 8. In addition, plaintiff challenges the suspension of her law license by the State Bar of Texas. *Id.* at 10.

This Court does not possess jurisdiction to consider plaintiff's claims. It is well established that the United States is the only appropriate defendant in the United States Court of Federal Claims. RCFC 10(a); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[The Court of Federal Claims'] jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, . . . and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court. . . ."). In this regard, the jurisdiction of this Court extends only to claims against the United States and "a controversy between private parties could not be entertained." *Nat'l City Bank v. United States*, 143 Ct. Cl. 154, 164 (1958); *see also Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) ("[T]he *only* proper defendant ... before [the United States Court of Federal Claims] is the United States, not its officers, nor any other individual.") (emphasis existing). In addition, the Court is also without jurisdiction to consider claims against states or state entities. *Sherwood*, 312 U.S. at 588 (For suits filed in the United States Court of Federal Claims and its predecessor, "if the relief sought is against others than the United States the suit as to them must

be ignored as beyond the jurisdiction of the court."). And so, "the *only* proper defendant for any matter before this Court is the United States, not its officers, nor any other individual." *Stephenson*, 58 Fed. Cl. at 190 (emphasis existing); *see also Sherwood*, 312 U.S. at 588.

In the complaint, plaintiff asserts sexual abuse and human trafficking claims against Leslie D. Ware, a private individual, and she seeks to recover monetary damages in the amount of $6,000,000 from Mr. Ware. Compl. at 8. Plaintiff also seeks to recover monetary damages and other relief from the State Bar of Texas and the State of Texas in connection with the suspension of her law license.[3] *Id.* at 10. This Court does not possess jurisdiction to entertain such grievances. *See Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1308 (Fed. Cir. 2007); *see also Reid v. United States*, 95 Fed. Cl. 243, 248 (2010) ("[t]he Court of Federal Claims does not have jurisdiction to hear plaintiff's claims naming states, localities, state government agencies, local government agencies and private individuals and entities as defendants"); *Woodson v. United States,* 89 Fed. Cl. 640, 649 (2009) (citing *Shaihoub v. United States*, 75 Fed. Cl. 584, 585 (2007)). And so, to the extent that plaintiff asserts claims against Mr. Ware, the State of Texas, or any other defendant other than the United States, the Court must dismiss plaintiff's complaint. RCFC 12(b)(1).

### 2. Plaintiff Has Failed To Identify A Money-Mandating Statute

Dismissal of this matter is also warranted because plaintiff has not identified a money-mandating provision of law that would permit her to bring her claims in this Court. In this regard, it is well established that to come within the jurisdictional reach and waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to recover money damages from the United States. *Fisher*, 402 F.3d at 1172.

In the complaint, plaintiff cites several federal statutes and constitutional provisions. *See generally* Compl. But, plaintiff does not cite to any substantive law that would create a right to money damages in this case. *Id.* And so, plaintiff has not shown that the Court possesses subject-matter jurisdiction to consider her claims. RCFC 12(b)(1).

---

[3] Although the complaint briefly references the United States Department of Defense, the United States Patent and Trademark Office, and the United States Postal Service, plaintiff does not assert any claims against these federal agencies in the complaint. Compl. at 2-3, 6, 11.

### 3. Plaintiff's Criminal Law Claims Are Jurisdictionally Precluded

Lastly, to the extent that plaintiff alleges sexual abuse or human trafficking claims, the Court does not possess jurisdiction to consider such criminal law claims. The United States Court of Appeals for the Federal Circuit has held that this Court "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code." *See Joshua v. United States*, 17 F.3d 378, 379-80 (Fed. Cir. 1994); *see also Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011). And so, the Court must also dismiss plaintiff's criminal law claims for lack of subject-matter jurisdiction.

## V.    CONCLUSION

In sum, even the most generous reading of plaintiff's complaint makes clear that the Court does not possess subject-matter jurisdiction to consider her claims. Plaintiff brings no claims against the United States, or any of its agencies. Rather plaintiff asserts claims against a private individual and a state entity. It is well established that this Court does not possess jurisdiction to consider such claims. In addition, plaintiff also fails to identify a source of substantive law that would create a right to recover money damages from the United States in this case, and she asserts criminal law claims that are not within the jurisdiction of this Court. And so, for all of these reasons the Court must dismiss the complaint.

For the foregoing reasons, the Court **GRANTS** the government's motion to dismiss and the Clerk is directed to **ENTER** final judgment in favor of defendant **DISMISSING** the complaint.

Lastly, plaintiff has filed three different complaints in this Court—including this matter—related to the suspension of her law license during the past seven months. The Court has dismissed all of these cases upon jurisdictional grounds. Memo. *See* Opinion and Order, *Davis v. United States*, Case No. 15-608C, filed on July 10, 2015; *see also* Order, *Davis v. United States*, Case No. 15-598C, filed on July 21, 2015. The Clerk is directed to accept no further filings by Chelsea L. Davis without an order granting leave to file such filings from the Chief

Judge of the United States Court of Federal Claims. In seeking leave to file any future actions, Ms. Davis must explain how her complaint raises new matters properly before this Court. *See* RCFC Rule 11(b) (barring the filing of unwarranted or frivolous claims).

No costs.

**IT IS SO ORDERED.**

_____
LYDIA KAY GRIGGSBY
Judge